UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH TUFFLEY**  Case No.

Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY,**

A Foreign Corporation,

Defendant.

## COMPLAINT

The Plaintiff, JOSEPH TUFFLEY, by and through undersigned counsel, hereby files this Complaint against METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") and alleges:

## GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., specifically § 1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Middle District of Florida.

4. Defendant METLIFE is a foreign corporation engaged in the business of insurance in Manatee County, Florida, where Plaintiff resides.

5. At all times material hereto, Plaintiff participated in an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002 (1) which provided long-term disability insurance benefits pursuant to an insurance policy underwritten and administered by Defendant METLIFE, together with other valuable employee benefits. A copy of the employee welfare benefit plan document is attached hereto as Exhibit "A."

6. METLIFE was a claims "fiduciary" as defined by 29 U.S.C. § 1104 of the employee benefit plan established by Plaintiff's employer at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

7. Defendant METLIFE makes the final decision to deny claims under the policy providing long-term disability insurance benefits to Plaintiff and bore the ultimate responsibility for paying said benefits, creating an inherent conflict of interest between METLIFE's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

8. Defendant METLIFE has a substantial conflict of interest and its decision to deny the benefits at issue was materially influenced by its conflict of interest.

9. Defendant METLIFE has failed to apply the provisions of the policies at issue consistently with respect to similarly situated claimants.

10. Defendant's denial letters do not comply with 29 C.F.R. § 2560.503-1(f) or the "full and fair review" provisions of ERISA.

11. Defendant's plan documents do not comply with 29 C.F.R. § 2560.503-1(f) of the "full and fair review" provisions of ERISA.

12. Defendant METLIFE has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 C.F.R. § 2560.503-1(j).

13. Defendant has failed to comply with the provisions of 29 C.F.R. § 2560.503-1(b), 29 C.F.R. § 2560.503-1(f), 29 C.F.R. § 2560.503-1(g), 29 C.F.R. § 2560.503-1(h), and 29 C.F.R. § 2560.503-1(I) in its administration of Plaintiff's claim.

14. Plaintiff has exhausted administrative remedies before filing this action, or therequirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

15. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against METLIFE

16. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

17. Plaintiff was and is "disabled," as defined in the long-term disability insurance policy funded and administered by METLIFE at all times material hereto.

18. Defendant has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy funded and administered by METLIFE.

19. Defendant has subjected Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. § 2560.503-1 and denied benefits payable pursuant to the METLIFE long-term disability insurance policy.

20. Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

21. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE** Plaintiff Joseph Tuffley prays for benefits due pursuant to the long-term disability insurance policy funded and administered by Defendant METROPOLITAN LIFE INSURANCE COMPANY pursuant to 29 U.S.C. § 1132(1)(1)(B), together with interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as this Honorable Court may find just and proper.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against METLIFE

22. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically restated herein.

23. Plaintiff is entitled to long-term disability benefits pursuant to the long-term disability insurance policy funded and administered by METLIFE which is the subject of this action.

24. Defendant METLIFE has denied Plaintiff is entitled to long-term disability insurance benefits.

25. Section § 1132(a)(1)(B) specifically authorizes an action to clarify an ERISA plan participant's rights to benefits subject to insurance policies governed by ERISA like the one in this action.

26. Defendant METLIFE has subjected Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. § 2560.503-1.

27. Plaintiff is entitled to a declaration that his long-term disability insurance benefits are payable under the METLIFE long-term disability insurance policy in this action, and is entitled to present evidence of disability to this effect under the *de novo* standard METLIFE has subjected Plaintiff to an unreasonable claims process.

28. Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE** Plaintiff Joseph Tuffley prays for a declaration that he is entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by METROPOLITAN LIFE INSURANCE COMPANY, together with any ancillary benefits to which he may be entitled as a result of a declaration of his right to same pursuant to 29 U.S.C. § 1132 (a)(1)(B), along with interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as this Honorable Court may deem appropriate just and proper.

Respectfully Submitted,

*Wm S U*

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff